John SEGALL, an infant under the age of seventeen (17) years, by Evaline Segall, his natural parent and guardian, suing on behalf of themselves and all others similarly situated, Plaintiffs,

v.

Nathan JACOBSON, District Superintendent of schools for District No. 5, Manhattan; Murray A. Cohn, Principal, the Louis D. Brandeis High School, Manhattan; the Board of Education of the City of New York, and Bernard E. Donovan, Superintendent of Schools of the City of New York, Defendants.

No. 69 Civ. 408.

United States District Court
S. D. New York.

Feb. 12, 1969.

David S. Fitzpatrick, Henry M. di Suvero, William M. Kunstler, Dennis Roberts, New York City, for plaintiffs.

J. Lee Rankin, New York City, Corporation Counsel, for defendants; John J. Loflin, Jr., New York City, Charles D. Maurer, Jamaica, N. Y., of counsel.

EDWARD WEINFELD, District Judge.

A rather puerile, name-calling article containing obscenities, among other vulgar matters, published in a paper which forged the official masthead of a school newspaper, has provoked this lawsuit.

The immediate issue is a motion for a preliminary injunction which, among other relief, would at once retransfer and reinstate the infant plaintiff to the school where he distributed the paper from the school to which he was transferred by order of the District Superintendent.

Early in December, 1968, plaintiff and others engaged in disruptive activities at their school; one result was the injury of a fellow student. On December 12, after several conferences with school authorities, the plaintiff voluntarily signed an agreement "to obey school rules and not to involve himself in any activity which is not conducive to a proper school atmosphere."

On January 6, 1969, plaintiff distributed in the school lunchroom and gym locker room the forged paper referred to above, which an answering affidavit alleges a number of students feared was the "beginning of more disruptive activities that might threaten their education and safety." Plaintiff admitted that he had broken his agreement of December 12, 1968, and further stated that he would assist in any disruptive conduct of the school when the occasion arose. He was then suspended by the school authorities for violation of the agreement and for disruptive conduct. On January 29, after notice to his mother, a hearing was held before the District Superintendent upon charges that the plaintiff had disrupted normal school routine by distributing a forged issue of the school newspaper, which printed libelous and scurrilous material. The school Superintendent sustained the suspension and the plaintiff was transferred to another school. The defendants, the school authorities, assert that upon the facts the actions taken were necessary and reasonable to the good order and

maintenance of the high school which plaintiff originally attended. Plaintiff, on the other hand, denies that his conduct violated either the terms of the December 12 agreement or disrupted any school activities.

Plaintiff by this suit seeks to cast the issues presented in a congeries of broad constitutional dimensions—freedom of press, right to counsel at the suspension hearing, right of confrontation and cross-examination of witnesses as to the alleged disruptive conduct, to mention but a few. However, whether plaintiff's conduct, viewed against the events prior to the December 12 agreement and those of January 7, constituted disruptive conduct, and, if so, whether the action taken by the authorities was reasonable and necessary to protect the good order and maintenance of the school and the right of other students to educational opportunities, free of disruptive conduct, and further whether the suspension procedure complied with the Board of Education's own procedural requirements (which also is here challenged), present fact issues that require resolution before the asserted constitutional claims are reached.

To grant plaintiff the requested relief in the light of the controverted fact issues is tantamount to granting him substantially the ultimate relief he would be entitled to only after a trial on the merits. Plaintiff has made neither such a clear showing of likelihood of success upon a trial, cf. Adderley v. Florida, 385 U.S. 39, 87 S.Ct. 242, 17 L.Ed.2d 149 (1966); Chaplinsky v. New Hampshire, 315 U.S. 568, 571–572, 62 S.Ct. 766, 86 L.Ed. 1031 (1942), nor of irreparable injury to warrant the granting of this preliminary injunction, which at once would overturn the determination of the District Superintendent. Plaintiff has been admitted to another high school—true, not of his choice or preference, but this does not constitute irreparable injury pending the outcome of the trial. Cf. Olson v. Board of Education, 250 F.Supp. 1000, 1006 (E.D.N.Y.), appeal dismissed as moot, 367 F.2d 565 (2d Cir. 1966). An action presenting the constitutional issues which plaintiff advances on his own behalf and on behalf of an asserted group, but which also involves matters of far reaching importance to the entire community as well, should be determined upon a complete record and not one which, at this stage of the proceeding, has at its core a factual dispute as to whether the conduct was disruptive or calculated to interfere with other students' educative rights.

The motion for a preliminary injunction is denied.